UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JEFFREY ALAN LOWRANCE,<br><br>　　　　Defendant. | 1:20-cr-00264-ADA-1<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(ECF No. 16) |

On July 12, 2012, Defendant Jeffrey Lowrance ("Defendant") entered a guilty plea to 18 U.S.C. § 1343, Wire Fraud; 18 U.S.C. § 1956 (a)(2)(A), and 2, Money Laundering. (ECF No. 3 at 5.) On November 15, 2012, Defendant was sentenced by the Northern District of Illinois to 170 months in the Bureau of Prisons, with 60 months of supervised release following his release from imprisonment. (*Id.* at 6.) The term of supervised release was overturned and reduced to 36 months as the maximum term allowed by statute was 36 months. (*Id.* at 7; *see also United States v. Lowrance,* 534 Fed. Appx. 564 (7th Cir. 2013).) Since December 2020, Defendant has been supervised in the Eastern District of California (ECF No. 2). As of this month, the Defendant has been on supervised release for approximately 30 months with his term of supervision set to expire on December 14, 2023. (ECF No. 16 at 3.)

Defendant now moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (ECF No. 16.) The Government defers to Probation's position on Defendant's request

for early termination which Probation does not oppose. (ECF No. 19). Defendant filed a timely reply detailing both the Government and Probation's non-opposition. (ECF No. 20.) For the reasons explained below, the Court grants Defendant's motion.

**I.     Legal Standard**

18 U.S.C. § 3583(e) governs the early termination of supervised release by requiring the court to consider the sentencing factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). Those factors include: "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). 18 U.S.C. 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). After considering those § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014) ("A district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised release.") "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). A district court also need not find undue hardship or exceptional circumstances to terminate supervised release. See *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

Generally, the court must hold a hearing before modifying conditions of probation or supervised release. Fed. R. Cim Proc 32.1(c). However, a hearing is not requiring if the person seeking modification waives the hearing, or if the relief sought is "favorable to the person and does not extend the term…of supervised release," and the attorney for the government has received notice and had reasonable time to object and does not. Fed. R. Crim. Proc. 32.1(c). Here, the relief

sought is favorable to the Defendant seeking the relief and is not opposed by the Government. Hence, the Court will not hold a hearing.

## II.     Discussion

To date, Defendant has completed approximately 30 months of this 36-month term of supervised release. Defendant urges this Court to terminate his supervised release term because he has followed all conditions of his supervised release, has engaged in social activities and gained the support of his community. (ECF No. 16 at 6.) Defendant argues that he satisfies all statutory factors set for the for early termination. (*Id.*) The Court agrees.

First, Defendant has completed the statutory minimum of one year of supervised release. During the over two years he has been on supervised release, Defendant he has not violated any terms of his release and has had no need for programming or treatment while on supervised release. (ECF No. 16 at 6.) In addition, the nature and circumstances of the offense, and the need for the sentence imposed to afford adequate deterrence militate toward release. In particular, the convictions in the present case are Defendant's first and only criminal convictions. Prior to this conviction, he served in the U.S. Air Force, from which he was honorably discharged, and worked as a salesperson to support his family. (ECF No. 16 at 6-7.) While in custody of the Bureau of Prisons, Defendant took 55 classes to prepare him to return to the community. (ECF No. 16 at 7.) Defendant has no additional criminal conduct following his release from custody and has family support in the Eastern District. (*Id.*)

There is also no reason presented to indicate that Defendant poses a risk to the public should his supervised release be terminated early. Defendant does not use drugs or alcohol and does not suffer from any substance abuse issues. (*Id.*) He has complied with terms of his release and maintained frequent contact with his probation officer and has sustained himself financially through selling postcard advertisements and receiving a small VA disability check. (*Id.*) Defendant also has stable housing, having lived in the same apartment for at least 10 months. (*Id.*) Defendant continues to owe restitution, which will be monitored for future payments following the termination of supervised release. (ECF No. 19 at 1.)

///

### III. Conclusion

Based upon the foregoing, Defendant Jeffrey Lowrance's motion to terminate his previously imposed term of supervised release pursuant to 18 U.S.C. § 3583(e)(1), (ECF No.16), is GRANTED.

IT IS SO ORDERED.

Dated:   July 24, 2023

_____
UNITED STATES DISTRICT JUDGE